# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

July 15, 2008

Thomas S. Doerr
Ramsey Berman, P.C.
222 Ridgedale Ave., P.O. Box 2249
Morristown, NJ 07962
    (*Attorney for Plaintiff*)

Serene M. Hennion
Johnson, Murphy, Hubner, McKeon,
Wubbenhorst, Bucco & Appelt, P.C.
51 Route 23 South, P.O. Box 70
Riverdale, NJ 07457
    (*Attorney for Defendant
    Andrew Wubbenhorst, Esq.*)

Eric L. Harrison
Methfessel & Werbel, PC
3 Ethel Road, Suite 300
P.O. Box 3012
Edison, NJ 08818-3012
    (*Attorney for Twp. of Denville,
    Denville Police Dep't &
    Patrolman Richard Byrne*)

William H. Mergner, Jr.
Leary, Bride, Tinker & Moran
7 Ridgedale Avenue
Cedar Knolls, NJ 07927
    (*Attorney for Denville Twp. Bd. of
    Educ., Superintendent John
    Sakala & Principal George
    Deamer*)

    **RE:**     **Tsitsoulis v. Township of Denville, et al.
             Civ. No. 07-4544 (WJM)**

Dear Counsel:

    This matter comes before the Court on a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), filed by Defendant Andrew Wubbenhorst, Esq.[1]  Plaintiff opposes the motion.  Pursuant to Fed. R. Civ. P. 78, no oral argument was held.  For the reasons discussed below, Mr. Wubbenhorst's motion is **DENIED**.

---

    [1]     Mr. Wubbenhorst is improperly pleaded as "Wubbenhurst."

I.     **Background**

The following facts, taken from Plaintiff's Complaint and certain other documents upon which the Complaint is based,[2] are presumed to be true for purposes of this motion. Plaintiff Lazaros Tsitsoulis[3] and his ex-wife Donna were divorced in 2000. (Compl. ¶ 20.) Donna has custody of the couple's two school-aged sons, and Plaintiff has visitation rights. (*Id.* ¶ 19, 22.) In 1998, Plaintiff filed a complaint with the New Jersey Department of Education against the Denville Township Board of Education (hereinafter, the "Board") alleging that the school district had violated state regulations by failing to advise him that one of his sons had been placed in a special education program. (*Id.* ¶ 23.) The State made findings of fact in Plaintiff's favor and ordered the school district to develop a corrective action plan. (*Id.* ¶ 24.) The parties subsequently reached a settlement, but when the Board failed to pay Plaintiff's legal fees, as required under the agreement, Plaintiff successfully sued the Board in this Court. (*Id.* ¶ 25.) As a result of this prior litigation, Plaintiff alleges, the Board retains animosity towards Plaintiff which continues to this day, and which has manifested itself by the Board's frequent interference with Plaintiff's ability to pick up his sons at school for visitation. (*Id.* ¶¶ 26–27.)

For the past several years, the Family Court has remained intimately involved in visitation issues, and has periodically issued orders setting detailed visitation parameters. Because pick-up and drop-off of the children has frequently been set to occur at Valley View School in the Township of Denville, the Family Court has typically kept the school district informed of the visitation schedule through communications with Mr. Wubbenhorst, a private attorney who represents the Board. (*Id.* ¶¶ 35–36, 49.) Most relevant to the instant motion is the order filed by Family Court Judge Thomas Manahan on July 20, 2005. Pursuant to that order — which was issued during summer holidays from school — pick-up and drop-off of the children was to take place at Donna's

---

[2]     In opposition to Mr. Wubbenhorst's motion, Plaintiff submitted a certification with numerous documents attached. To the extent Plaintiff's certification and the attached documents are extraneous to the pleadings, such submissions are inappropriate in response to a 12(b)(6) motion, and have not been considered by the Court. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Although the Court may consider documents "integral to or explicitly relied upon in the complaint," *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997), many of Plaintiff's submissions do not fall in that category. For purposes of this motion, the Court has considered only the Family Court orders from July 20, 2005 and September 21, 2005 along with Mr. Wubbenhorst's September 15, 2005 e-mail. These documents, which are explicitly relied upon in the Complaint, were included with Plaintiff's certification and were also submitted to the Court in connection with Mr. Wubbenhorst's motion.

[3]     Although it appears from other documents filed in this litigation that Plaintiff's name is actually spelled "Tsitsoulas," the spelling in the Complaint is "Tsitsoulis."

residence, until further order. Plaintiff 's understanding of the Judge's order was that once school resumed in the fall, he was to resume picking up the children at school, as had been the custom during the previous school year. (*Id.* ¶¶ 37, 40–41, 43, 45.)

Once school resumed in fall 2005, Plaintiff began to appear at the school on scheduled visitation days to pick up his children. On two occasions in early September when Plaintiff came the school, Principal George Deamer called the police, and informed Plaintiff that he could not pick up the children because the school interpreted the July 20, 2005 order to require pick-up to take place at Donna's residence. (*Id.* ¶¶ 38–39, 41.) On September 16, when Plaintiff came to the school, Principal Deamer again called the police. Plaintiff was not permitted to pick up his son, and Plaintiff was told by the police that if he attempted to do so again he would be arrested for trespassing. (*Id.* ¶ 42.) On September 21, Plaintiff came to the school again and was arrested for trespassing. (*Id.* ¶¶ 10–16, 45–47.) Prior to Plaintiff's arrest, both Plaintiff and Mr. Wubbenhorst had sought clarification from Judge Manahan as to the pick-up location, but Judge Manahan had not yet responded. (*Id.* ¶¶ 40, 44–45, 48–49, 52.) Plaintiff was charged with trespassing and resisting arrest. (*Id.* ¶ 10.) He was incarcerated in the Morris County Jail for three days until he was able to post bail. (*Id.* ¶ 13.) Both charges against Plaintiff were eventually dismissed with prejudice. (*Id.* ¶¶ 14–15.)

Plaintiff subsequently brought a five-count Complaint in this Court against the Township of Denville, the Denville Police Department, the Denville Township Board of Education, Patrolman Richard Byrne, Principal Deamer, Superintendent John Sakala, and Mr. Wubbenhorst. The Complaint alleges five counts, against all defendants — (1) wrongful arrest in violation of the First and Fourth Amendments, pursuant to 42 U.S.C. § 1983; (2) wrongful arrest in violation of the New Jersey Constitution; (3) malicious prosecution; (4) malicious use of process; and (5) wrongful arrest.

Plaintiff alleges that each of the named defendants wrongfully participated in some manner in Plaintiff's arrest, detention, and prosecution. As to Mr. Wubbenhorst specifically, Plaintiff alleges that the Board's interpretation of Judge Manahan's July 20, 2005 order came directly from Mr. Wubbenhorst, and that Mr. Wubbenhorst instigated the Board to seek Plaintiff's arrest. The Complaint refers to a September 15, 2005 e-mail from Wubbenhorst to Superintendent Sakala. The e-mail states, in relevant part:

> On Tsitsoulas: He wrote a letter to Judge Manahan and I just responded. It is not certain that the Judge will respond to either, but hopefully he will set the record straight. I will be out of town tomorrow. Upon my return, I can file an Order to Show Cause with the Family Court Judge to bar him. If he returns in the meantime, Advise [sic] the police that we wish to file a complaint against him for trespassing for coming onto the property without permission and taking his child in contravention to a court order. If the police won't sign it, you should on behalf

3

>of the district. They must assist you in completing the form. The Judge then has
>the opportunity to set bail and make a condition of bail that Mr. Tsitsoulas not
>return to the school.

The Complaint alleges that even though the Defendants knew that Judge Manahan's order did not prohibit Plaintiff from coming to the school (which the order, in fact, did not explicitly do), they all agreed to have Plaintiff arrested without cause or legal justification. (*Id.* ¶¶ 55, 59, 71.)

## II.   Standard of Review

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all allegations in the complaint as true and consider the allegations in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). The factual allegations in the complaint must be sufficient to raise a plaintiff's right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). In addition, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F. 3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears that no relief could be granted "under any set of facts that could be proved consistent with the allegations," a court may dismiss a complaint pursuant to Rule 12(b)(6) for failure to state a claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## III.   Motion to Dismiss

Mr. Wubbenhorst moves to dismiss the Complaint in its entirety for failure to state a claim under Rule 12(b)(6). As an initial matter, Mr. Wubbenhorst argues that because the claims against him focus on the advice to the Board provided in his September 15, 2005 e-mail communication, he is protected from liability because his advice to the school board is protected by the litigation privilege. The litigation privilege has traditionally been invoked in defamation suits against attorneys, but its sphere has been generally held to extend to communications by attorneys (1) which were made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action. *See Loigman v. Twp. Comm. of Middletown*, 185 N.J. 566, 583, 585 (2006). Here, however, it is clear that Mr. Wubbenhorst's e-mail communication was not made in judicial or quasi-judicial proceedings.[4] Therefore, the privilege cannot apply.

---

[4]   Because the litigation privilege is not available in malicious prosecution actions, it would not apply to Counts 3 and 4 in any event. *See Loigman*, 185 N.J. at 584 n.4.

### A.    Count 1: § 1983

With respect to Plaintiff's claims under 42 U.S.C. § 1983, Mr. Wubbenhorst argues that as a private attorney, he was not a state actor, and that "§ 1983 simply does not encompass a claim against an attorney for allegedly providing faulty advice to his governmental client." (Def.'s Br. 11.)  However, this is not an accurate representation of the law.  Even assuming that Mr. Wubbenhorst was not himself a state actor, a private person who jointly and willfully engages with state officials in a prohibited action can be considered to be acting under color of law for purposes of § 1983.  *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 195–96 (3d Cir. 2005).  The Complaint sufficiently alleges such joint action.  Dismissal of Plaintiff's § 1983 claims is therefore not appropriate at this stage of the proceedings.

### B.    Count 2: New Jersey Constitution

Count 2 alleges that Plaintiff's arrest violated his rights under the New Jersey Constitution, specifically his right to free assembly under Article I, Section 6 and his right to be free from unreasonable seizures under Article I, Section 7.  Mr. Wubbenhorst argues that this count must be dismissed because he and the school officials acted reasonably and justifiably to safeguard the school from Plaintiff's disorderly behavior, and because probable cause existed to arrest Plaintiff for trespassing.  However, under the circumstances alleged here, the Court would be premature in making such judgments on the pleadings.  Considering the allegations in the Complaint regarding the Defendants' joint action and retaliatory motives, in addition to the fact that Judge Manahan's order did not *prohibit* Plaintiff from coming onto school property, and generally viewing the allegations in the light most favorable to Plaintiff, the Court cannot conclude that Count 2 fails to state a claim upon which relief could be granted.

### C.    Counts 3–5: Malicious Prosecution, Malicious Use of Process, and Wrongful Arrest

Under New Jersey law, malicious prosecution has four elements.  Plaintiff must establish that the defendant (1) instituted proceedings (2) without probable cause and (3) with legal malice; and (4) the proceedings terminated in favor of the plaintiff.  *Trabal v. Wells Fargo Armored Serv. Corp.*, 269 F.3d 243, 248 (3d Cir. 2001).  For malicious use of process, Plaintiff must allege the same elements as for a claim of malicious prosecution, plus the additional element of a deprivation of liberty or a "special grievance."  *Turner v. Wong*, 363 N.J. Super. 186, 203 (App. Div. 2003).  Finally, to state a claim for wrongful arrest, a plaintiff must allege (1) that an arrest was made (2) without probable cause.  *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988).

Again, Mr. Wubbenhorst argues that each of these three counts must be dismissed

5

because Plaintiff cannot show that his arrest was made without probable cause. However, as discussed above, the Court disagrees, and cannot conclude at this stage that probable cause existed for Plaintiff's arrest. Mr. Wubbenhorst also contends that the Complaint fails to allege a factual nexus between Mr. Wubbenhorst's provision of legal advice and Plaintiff's arrest and prosecution. However, viewing the allegations in the light most favorable to Plaintiff, the Complaint fairly alleges the type of active instigation which would be required to hold Mr. Wubbenhorst liable on any of these three claims. *See Wiltz v. Middlesex County Prosecutor's Office*, No. 05-3915, 2006 U.S. Dist. LEXIS 46821, at \*\*24–25 (D.N.J. July 10, 2006), *aff'd*, 249 Fed. Appx. 944 (3d Cir. 2007); *Simmons v. Poltrone*, No. 96-8659, 1997 U.S. Dist. LEXIS 20512, at \*21 (E.D. Pa. Dec. 17, 1997).

Therefore, because the Complaint sufficiently alleges the elements of each of these three offenses, dismissal of Counts 3 through 5 is not appropriate under Rule 12(b)(6).

### III.    Conclusion

For the foregoing reasons, Defendant Wubbenhorst's motion is **DENIED** in all respects. An appropriate Order accompanies this Letter Opinion.

    s/William J. Martini
**William J. Martini, U.S.D.J.**